NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**\*Revised: May 18, 2010**

2009-7149

RASHID EL MALIK,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Rashid El Malik, of Palos Verde's Estate,California, pro se.

Steven M. Mager, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.   Of counsel on the brief were David R. McLenachen, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

\* Counsel staff attorney for the Department of Veterans Affairs was not Kristiana M. Brugger.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7149

RASHID EL MALIK,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-2026, Judge Bruce E. Kasold.

_____

DECIDED:   May 7, 2010
_____

Before MAYER, CLEVENGER, and GAJARSA, Circuit Judges.

PER CURIAM.

Rashid El Malik appeals the decision of the Court of Appeals for Veterans Claims affirming the Department of Veterans' Affairs' ("VA") decision to terminate his accreditation as an agent to represent claimants. El Malik v. Shinseki, No. 07-2026 (Ct. Vet. App. May 4, 2009). We reject El Malik's constitutional argument over which we have jurisdiction, and affirm.

Our authority to review a decision of the Veterans Court is limited. We may review such a decision only to the extent that it pertains to the validity of "a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter)," or "to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. §§ 7292(a), 7292(c). Absent a constitutional issue, we do not otherwise have jurisdiction to review either "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

El Malik raises three issues on appeal: (1) whether the VA properly terminated his accreditation based on his acceptance of unlawful compensation; (2) whether the VA properly terminated his accreditation based on his knowingly presenting false information; and (3) whether his due process rights were violated. We lack jurisdiction to consider the first two issues because they involve challenges to factual determinations or challenges to the application of law to facts.

Although we have jurisdiction to consider El Malik's constitutional claim, we conclude that it is without merit. He alleges his due process rights were violated when the VA postponed his hearing, failed to communicate with his counsel, and appointed a hearing officer from outside the VA. After carefully reviewing the record, we find El Malik's due process claims unconvincing. Even assuming his claims had merit, he has failed to show any prejudice or harm he suffered from these alleged violations.

## COSTS

No costs.